UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AARON RILEY BEY                     CIVIL ACTION NO. 08-cv-0250

VERSUS                              JUDGE STAGG

STATE OF LOUISIANA, ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Aaron Riley Bey ("Plaintiff") is a federal inmate housed in a penitentiary in Pennsylvania. He commenced this action by filing a document entitled "Petition to Remove Cloud Upon Title." The pleading cites the Quiet Title Act and asserts that the purpose of this action is to remove a cloud on the title to an alleged land grant issued by the State of Louisiana and the United States. Plaintiff attaches documents filed with a county clerk in New Jersey that he says support his claim.

Plaintiff also includes information about the Washitaw de Dugdahmoundyah. The documents include a declaration by Plaintiff that he is a sovereign individual of a land of ancient mound builders known by the Washitaw name. Attached to Plaintiff's declaration is a proclamation by the Secretary of the Washitaw that claims the State of Louisiana and the United States have returned several acres of land to the Washitaw under a land grant, and the Washitaw then established itself as a sovereign and independent nation and seceded from the Union the northern two-thirds of the State of Louisiana.

The people of the "Nation of Washitaw" or similar sounding groups have appeared occasionally in reported decisions. See U.S. v. Gunwall, 1998 WL 482787 (10th Cir. 1998) (convicted tax felon claimed to be a member of the Washitaw, over which the court had no jurisdiction; claim rejected as frivolous); Sanders-Bey v. U.S., 2008 WL 506328 (7th Cir. 2008) (plaintiff asserted diversity jurisdiction based on citizenship of the Washitaw Nation; claim rejected because that Nation is "not recognized by the United States government"); and Wilson v. Art Van Furniture, 2000 WL 1434690 (6th Cir. 2000) (national origin discrimination plaintiff "presented no credible proof that there is or ever was a country or ethnic group known as the Washitaw de Dugdahmoundyah Empire"). Another decision, in which the plaintiff claimed that his vehicle registration and driver's license were issued by the Nation of Washitaw, the court characterized the Nation (claimed to consist of the territory of the United States except the thirteen original colonies and Texas) as "fictional." Bybee v. City of Paducah, 2002 WL 1869407 (6th Cir. 2002).

Plaintiff asks the court to recognize that within the State of Louisiana exists the capital of the Washitaw. He also asks the court to acknowledge that Plaintiff is a citizen of the Washitaw. The court is not aware of any law or treaty of the United States, from which this court derives its jurisdiction, that recognizes the Washitaw or grants this court any authority to declare the Washitaw's citizens or the location of its capital. Plaintiff, as the party invoking the court's jurisdiction, has the burden of showing a basis for subject matter jurisdiction, and Plaintiff has not met that burden. Accordingly, the court lacks jurisdiction

to make the declarations sought by Plaintiff. Plaintiff should direct his requests to the courts of the alleged Nation of Washitaw, if such exist.

With regard to the claim of a cloud upon title, Plaintiff simply has not asserted facts that would state a claim that he is the owner of an interest in property that is subject to any particular cloud. Plaintiff's documents, which are of dubious legal significance to say the least, suggests that the Nation of Washitaw makes claim to some land, but that is not equivalent to Plaintiff personally owning any land. Plaintiff has not, therefore, established standing to pursue any action to quiet title.

Plaintiff is proceeding in forma pauperis. The court has an obligation to review prisoner pauper petitions, and it is to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). This case falls within that description. Plaintiff's complaint is patently frivolous and should be dismissed as such. Plaintiff is warned that, pursuant to 28 U.S.C. § 1915(g), if a prisoner has brought actions or appeals that were on three or more occasions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the prisoner will be precluded from bringing any civil action in forma pauperis unless he is under imminent danger of serious physical injury.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed** as frivolous, pursuant to 28 U.S.C. § 1915A(b) and that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of July, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE